**Ramsey v. House**

*Robert S. Mirin,* for plaintiffs.
*James H. Rowland Jr.,* for defendants.

DOWLING, *J.,* October 3, 1988 — The question: Is plaintiffs' complaint viable if filed more than 20 days after being ruled to do so, but before defendants file a praecipe of non pros?

This is an appeal from a district justice's decision. On July 30, 1987, plaintiffs were notified that if they did not file a complaint within 20 days, a judgment of non pros would be entered. Plaintiffs' attorney called defendants' attorney and asked for an extension. The request was refused. However, plaintiffs filed a complaint on the following day, August 21, 1987. On August 25, 1987, defendants' counsel

filed a praecipe with the prothonotary to enter judgment of non pros against the plaintiffs as per rule 1037.

Rule 1037(a) provides:

"If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within 20 days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

A literal textual reading would lead one to conclude that the complaint should be dismissed as untimely filed for it was not within 20 days being noticed. There exists, however, another plausible interpretation, i.e. that the filing of a praecipe by defendant is condition precedent to entry of non pros. See *Homemakers L&D Co. v. Rowe and Knight,* 4 D.&C. 3d 167 (1977). There is also rule 126 to be considered:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Then there is the consideration that should the court enter judgment against plaintiffs, they could simply institute another suit as the statute of limitations has not expired. Thus, judicial economy alone would substantiate denying defendants' motion.

We decline to regress to such niceties as suggested by defendants, and accordingly dismiss the preliminary objections.